IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JENNIFER LYNN SMITH,

    Plaintiff,

v.                                                        No. 1:21-cv-01090-JDB-jay

ANDREW SAUL, Commissioner of Social
Security,

    Defendant.

___

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO PROCEED IN FORMA PAUPERIS
___

On June 16, 2021, the Plaintiff, Jennifer Lynn Smith, filed a motion to proceed in forma pauperis ("IFP") in this matter. (Docket Entry ("D.E.") 2.) In reviewing the motion, the Court noted that the affidavit in support of the application was signed by the Plaintiff on November 25, 2020, and, in an order entered June 25, 2021, directed her to file an updated application. (D.E. 6.) As Smith has complied with the Court's order (D.E. 7), her request for relief is ripe for disposition.

Title 28 U.S.C. § 1915(a) permits courts to "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees . . ., by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1). The purpose of the provision is to "insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation." *Carroll v. OneMain Fin. Inc.*, No. 14-cv-14514, 2015 WL 404105, at *1 (E.D. Mich. Jan. 29, 2015).

"Although pauper status does not require absolute destitution, the question is whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). "Proceeding IFP is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Lewis v. Comm'r of Soc. Sec.*, Case No. 20-12737, 2020 WL 6493989, at *1 (E.D. Mich. Oct. 14, 2020) (quoting *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986)) (internal quotation marks omitted), *report & recommendation adopted,* 2020 WL 6484222 (E.D. Mich. Nov. 4, 2020). "A sufficient affidavit demonstrates that one cannot, because of his or her poverty, afford to pay the costs of litigation and still provide for the necessities of life." *Laslau v. Comm'r of Soc. Sec.*, Civil Action No. 16-CV-11372, 2016 WL 3406015, at *1 (E.D. Mich. June 21, 2016). In determining IFP eligibility, courts generally look at whether the applicant is employed, her salary, property, or assets she may possess, and other financial resources, including those that could be made available from family members. *Frazier v. Comm'r of Soc. Sec.*, Case No. 19-11097, 2019 WL 2078991, at *1 (E.D. Mich. Apr. 19, 2019), *report & recommendation adopted,* 2019 WL 2073952 (E.D. Mich. May 10, 2019).

Plaintiff reports that she is unemployed, receives no income from any source, and possesses neither funds nor assets. She has a life insurance policy, the monthly premium for which is paid by her father in the amount of $23.75. Upon its consideration of the application, it appears to the Court that Plaintiff does not possess the financial ability to cover the costs of filing the complaint without undue financial hardship.

The motion is GRANTED. The Clerk is DIRECTED to terminate D.E. 2 and D.E. 7.

IT IS SO ORDERED this 16th day of July 2021.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE